IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY TERRELL MOSES, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 3:19cv87-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Tony Terrell Moses, Sr.'s motion for relief from judgment under Rule 60(b)(4) & (6) of the Federal Rules of Civil Procedure. Doc. # 2. Moses asks the court to set aside its September 2, 2014 judgment denying the § 2255 motion he filed in July 2011. For the reasons indicated below, Moses' instant motion is due to be dismissed as a successive § 2255 motion filed without the required appellate court authorization.

**DISCUSSION**

In June 2009 Moses pleaded guilty to robbery of a credit union, in violation of 18 U.S.C. § 2113(a) (Count 1); brandishing a firearm in furtherance of the crime of violence set forth in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); robbery of a bank, in violation of 18 U.S.C. § 2113(a) (Count 3); and brandishing a firearm in furtherance of the crime of violence set forth in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 4). *See United States v. Moses*, Case No. 3:08cr235-MHT (M.D. Ala. 2009). After a sentencing hearing on September 18, 2009, the district court sentenced Moses to 444 months in prison. That sentence consisted of concurrent terms of 60 months'

imprisonment on Counts 1 and 3, a consecutive term of seven years' imprisonment on Count 2, and another consecutive term of 25 years' imprisonment on Count 4.

In his instant motion for relief from judgment under Rule 60(b)(4) & (6), Moses asserts that the magistrate judge at his change of plea hearing informed him that Count 4 of the indictment, which charged him with violating 18 U.S.C. § 924(c), carried "a maximum punishment of not less than seven years' imprisonment" when the enhanced-penalty provisions of the statute required that his conviction under Count 4, as a second § 924(c) conviction, carry a mandatory consecutive sentence of not less than 25 years.[1] Doc. # 2 at 2–3. Moses suggests that this statement by the magistrate judge induced him to plead guilty and rendered his guilty plea involuntary and unknowing. *Id.* at 3. He then argues that the district judge's imposition of the consecutive 25-year term on Count 4 showed that the district judge and magistrate judge had differing interpretations of the penalty provisions of § 924(c), and imposing the consecutive 25-year term therefore constituted "fraud or a scam" by the two judges. *Id.*

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo v. United States*, 394 F. App'x 670, 671 (11th Cir. 2010).

---

[1] *See* 18 U.S.C. § 924(c)(1)(C)(i).

2

If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the movant has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

Under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive § 2255 motion if it contains a "claim." [2] *See* 545 U.S. at 530. For purposes of determining whether a motion is a § 2255 motion, a "claim" is an asserted ground for relief attacking the underlying conviction or sentence, *or* an attack on the district court's previous merits resolution of any previous § 2255 claim. *Id*. at 531–32. On the other hand, no "claim" is asserted "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Courts should not treat such a Rule 60 motion as a successive § 2255 motion. *Id*. at 532–33. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion. *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

Moses' argument in his nominal Rule 60(b) motion constitutes a claim attacking his underlying conviction and sentence. It is not an argument that, in the end, impugns the

---

[2] Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the holding and rationale of Gonzalez apply equally to habeas proceedings under 28 U.S.C. § 2255. *See United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005). For the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to in this Recommendation, the court uses nomenclature appropriate to motions for habeas relief under § 2255.

integrity of this court's ruling denying his first § 2255 motion or challenges the court's application of a procedural rule to preclude a merits ruling on any claim presented in his first § 2255 motion. Moses' first § 2255 motion did not contain a claim that the magistrate judge induced him to plead guilty by telling him that Count 4 of the indictment carried a maximum punishment of not less than seven years' imprisonment. Moses first presented such a claim to this court in a prior self-styled Rule 60(b) motion he filed in September 2018. Like that motion, his instant "Rule 60(b) motion" is actually a second or successive § 2255 motion, because it asserts a ground for relief that constitutes a "claim" under *Gonzalez*—i.e., a ground for relief that, at bottom, attacks his underlying conviction and sentence.

Moses tries to pay lip service to the requirement that a true Rule 60(b) motion point to some defect in the integrity of prior habeas proceedings by arguing that this court's denial of relief in his previous § 2255 actions indicates an "illicit and tireless intent to cover up [the court's] own wrongdoing." Doc. # 2 at 6. However, as already noted, Moses' first § 2255 motion contained no claim that the magistrate judge induced him to plead guilty by telling him that Count 4 of the indictment carried a maximum punishment of not less than seven years' imprisonment, and his prior nominal Rule 60(b) motion constituted a successive § 2255 motion where he was attempting to assert (for the first time) this new claim that was not asserted in his first § 2255 motion. The instant nominal Rule 60(b) motion constitutes little more than another attempt by Moses to assert the same new claim not asserted in his first § 2255 motion.

4

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Moses has not obtained prior authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. This court therefore lacks jurisdiction to consider the merits, and the motion should be dismissed on this ground. *Farris*, 333 F.3d at 1216.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Moses' instant motion (Doc. # 2), which constitutes a successive § 2255 motion, be summarily dismissed because Moses has not received permission from the appellate court to file a second or successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 1, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 18th day of March, 2019.

      /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE